**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone:  206-622-1711
Facsimile:  206-292-0460

**Jessie Zerpoli**, OSB #164778
Email: jzerpoli@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Of Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SCHEARON STEWART**, **JOHN FRANZ**, and **ROGER SULLIVAN**, individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**2SGR VENTURES, LLC**, an Oregon Limited Liability Company, dba **HERMISTON GROCERY OUTLET;**<br>**3J2 GROCERS, INC.**, an Oregon corporation, dba **GROCERY OUTLET OF LEBANON;** | Case No. 3:25-cv-1310<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>Removed from Circuit Court of the State of Oregon for the County of Multnomah |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

**42LINE2, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF ALBANY, OR;**
**4WALSH VENTURES, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF ANASBOURNE;**
**929 HOFFMAN, INC.**, an Oregon Corporation, dba **EUGENE GROCERY OUTLET;**
**ABBONDANZA FRESCO CORPORATION**, an Oregon corporation dba **OREGON CITY GROCERY OUTLET;**
**ADAM WOODFORD**, dba **GROCERY OUTLET OF BAKER CITY;**
**AISLE 7, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF MYRTLE CREEK;**
**AJ GROCERS, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF PENDELTON;**
**ANDREA DEPAUL and NATHANIEL MCLAUGHLIN**, dba **GROCERY OUTLET OF COOS BAY;**
**ANGELICA and GARY NIELSEN**, dba **GROCERY OUTLET OF OAK GROVE;**
**BARNARD'S GO, INC.**, an Oregon corporation dba **SCAPPOOSE GROCERY OUTLET;**
**BEBOLD, LLC**, an Oregon Limited Liability Company dba **THE GROCERY OUTLET OF NEWBERG OREGON;**
**BEE THE CHANGE, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF GRANTS PASS;**
**BRETT TURNER**, dba **LA PINE GROCERY OUTLET;**
**BRIAN BALDY**, dba **THE DALLES GROCERY OUTLET;**
**BRIAN SCHMICK**, dba **DIVISION GO;**
**CATHERINE and RICARDO LINARES**, dba **ST. HELENS GROCERY OUTLET;**
**CODY MILLER**, dba **GROCERY OUTLET OF THE DALLES;**
**CROWSON ENTERPRISES, INC.**, an Oregon corporation dba **STAYTON GROCERY OUTLET;**
**DADCO, INC.**, an Oregon Corporation, dba **GROCERY OUTLET NEWPORT;**
**DMS CAPITOL INCORPORATED**, an Oregon corporation dba **SANDY GROCERY OUTLET;**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

**DONNELLY GOBM, INC.**, an Oregon corporation, dba **MOLALLA GROCERY OUTLET;**
**ELIZABETH MUSIO**, dba **BEND GROCERY OUTLET;**
**ELIZABETH TAFEL**, dba **GROCERY OUTLET;**
**FRUGAL MASHERS, LLC**, an Oregon Limited Liability Company, dba
**JUNCTION CITY GROCERY OUTLET;**
**GO FAR GROCERS, LLC**, an Oregon Limited Liability Company, dba
**HILLSBORO GROCERY OUTLET STORE 104;**
**GO HOLLYWOOD, INC.**, an Oregon corporation, dba **GROCERY OUTLET OF HOLLYWOOD;**
**GOFRESH, INC.**, an Oregon corporation, dba **GROCERY OUTLET OF KING CITY;**
**GRAYWALKER INCORPORATED**, an Oregon corporation, dba **GROCERY OUTLET OF WHITE CITY;**
**GROCERY OUTLET OF SALEM, INC.**, an Oregon corporation;
**HARTUNG, LLC**, an Oregon corporation and **DOUGLAS HARTUNG**, dba **GROCERY OUTLET OF KLAMATH FALLS;**
**HOGANS CUT RATE STORE, INCORPORATED**, an Oregon corporation, dba **GROCERY OUTLET SPRINGFIELD;**
**I & E FAMILY MARKET, INC.**, an Oregon Corporation, dba **CAVE JUNCTION GROCERY OUTLET;**
**JAMES HOFFMAN**, dba **SPRINGFIELD GROCERY OUTLET;**
**JAMIAR, LLC**, an Oregon Limited Liability Company dba **VENETA GROCERY OUTLET;**
**JASON and SANDRA THORNTON**, dba **DALLAS GROCERY OUTLET;**
**JE3R, LLC**, an Oregon Limited Liability Company, dba **ONTARIO GROCERY OUTLET;**
**JEM VENTURES, INC.**, an Oregon corporation dba **TANASBOURNE GROCERY OUTLET;**
**JENSEN'S GROCERS LLC**, an Oregon Limited Liability Company dba **SEASIDE OREGON GROCERY OUTLET;**

Page 3 -     NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

**JNRCM, INC.**, an Oregon corporation, dba
**GROCERY OUTLET OF LINCOLN
CITY;**
**JOSHUA HARSH**, dba **BEAVERTON
GROCERY OUTLET;**
**JPBLGO, LLC**, an Oregon Limited Liability
Company, dba **GROCERY OUTLET OF
FLAVEL;**
**KARTYL, LLC**, an Oregon Limited Liability
Company, dba **GROCERY OUTLET OF
BURNS;**
**KEN ADMIRE**, dba **GROCERY OUTLET
OF REDMOND;**
**KEN and MINDY ADMIRE**, dba
**ROSEBURG GROCERY OUTLET;**
**L & B MARKETPLACE, LLC**, an Oregon
Limited Liability Company, dba **GROCERY
OUTLET OF FLORENCE;**
**L2K4 CORPORATION**, an Oregon
Corporation, dba **GROCERY OUTLET OF
EAST SALEM;**
**LITTLEMAN, LLC**, an Oregon Limited
Liability Company, dba **GROCERY
OUTLET OF SCAPPOSE;**
**LOGAN FAMILY MARKET LLC**,
an Oregon Limited Liability Company, **dba
KING CITY GROCERY OUTLET;**
**MC-KO, LLC**, an Oregon Limited Liability
Company dba **PARKROSE GROCERY
OUTLET;**
**MJD CANALE, INC.**, an Oregon corporation
dba **PENDLETON GROCERY OUTLET;**
**MOHO ENTERPRISES, LLC**, an Oregon
Limited Liability Company dba **ST. JOHNS
GROCERY OUTLET;**
**PANTER ENTERPRISES, INC.**, an Oregon
Corporation, dba **BROOKINGS GROCERY
OUTLET;**
**RODAR, LLC**, an Oregon Limited Liability
Company, dba **INDEPENDENCE
GROCERY OUTLET;**
**SOMO, INC.**, an Oregon corporation dba
**MCMINNVILLE GROCERY OUTLET;**
**SOWA ENTERPRISES, INC.**, dba
**COTTAGE GROVE GROCERY
OUTLET;**
**THIESSEN MARKETS
INCORPORATED**, an Oregon corporation
dba **WINSTON GROCERY
OUTLET;**

Page 4 -    NOTICE OF REMOVAL

**THREECAVIES, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF GRESHAM and GROCERY OUTLET OF MILWAUKIE;**
**TIGARD, M. SHAFER, INC.**, an Oregon corporation, dba **PAGE HAPPY VALLEY GROCERY OUTLET;**
**TME, LLC**, an Oregon Limited Liability Company, dba **GROCERY OUTLET OF RAINIER;**
**TRUTH ENTERPRISES, LLC**, an Oregon Limited Liability Company dba **RAINIER GROCERY OUTLET;**
**VERONANN, LLC**, an Oregon Limited Liability Company, dba **MADRAS GROCERY OUTLET and PRINEVILLE GROCERY OUTLET;**
**W&L FAMILY MARKET, INC**., an Oregon Corporation, dba **GROCERY OUTLET OF HINES;**
**ZACHARY and CARLY TANHAEFF,** dba **GROCERY OUTLET OF CORVALLIS; GROCERY OUTLET  INC., A CALIFORNIA CORPORATION**, a California corporation;

Defendants.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON AND TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Grocery Outlet Inc. ("Defendant") removes this case from the Circuit Court of the State of Oregon for the County of Multnomah (case number, 25CV33779), the Court in which the above-referenced case is now pending, to the United States District Court for the District of Oregon.

## <u>NATURE OF ACTION</u>

On June 2, 2025, Plaintiffs Schearon Stewart, John Franz, and Roger Sullivan ("Plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a civil action in the Circuit Court of Oregon, County of Multnomah, entitled *Stewart et al. v. 2SGR Ventures, LLC, et al.*, Case No. 25CV33779 ("Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

The Complaint was personally served on Defendant Grocery Outlet Inc. on June 24, 2025.  A true and correct copy of the Summons served on Defendant is attached hereto as Exhibit B.  A true and correct copy of the Proof of Service of Summons is attached hereto as Exhibit C.

The Complaint, styled as a class action, purports to bring claims for violations of Oregon's Unlawful Trade Practices Act, ORS 646.608 et seq. ("UTPA").  Plaintiffs allege that Defendants "systematically advertised grocery items with inflated or fabricated reference prices—purportedly representing competitor pricing—without identifying the source of those comparisons."  Compl. ¶ 2. Plaintiffs claim that Defendants' pricing practices "created the illusion of significant savings, when in fact, consumers often paid the same or more than they would have at other local retailers."  *Id.* Plaintiffs seek injunctive relief, restitution, and attorney fees.  Prayer for Relief ¶¶ 1–3.  The

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

Complaint does not distinguish between the 66 Defendants in terms of the conduct alleged or the relief sought.

Plaintiffs purport to bring this action on behalf of a putative class of "Oregon residents, who, within one year of the date of the filing of the Complaint commencing this action purchased any grocery items from any of Defendants when those items were being marketed through the use of fictitious reference prices." *Id.* at ¶ 8.  Although Plaintiffs do not explain how they plan to identify which "items were being marketed through the use of fictitious reference prices," and Defendants maintain that no items fall into that category, Plaintiffs appear to have put all items sold in Grocery Outlet stores in Oregon at issue.  For example, Plaintiffs allege that Defendants' use of "fictitious 'elsewhere' pricing" is "rampant," "widespread," "common," "standardized," "uniform," and "coordinated." *Id.* at ¶¶ 2, 4, 15, 22; *see also id.* at ¶ 27 ("at all material times, Defendants had uniform policies, procedures and practices to implement its fictitious reference price scheme").  They also claim that Defendants' use of "Elsewhere" pricing is per se unlawful under Oregon's pricing regulations. *Id.* at ¶¶ 4, 30.  Plaintiffs highlight the "pervasive nature of the violations and how they impact all similarly situated Oregonians." *Id.* at ¶¶ 10–11.

The Circuit Court for the State of Oregon for the County of Multnomah is located within the District of Oregon, Portland Division.  Therefore, venue is proper under 28 U.S.C. § 117 because this Court is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiffs' theories of liability, class allegations, damages, or the like—all of which Defendants expressly deny—

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

or a waiver of any of Defendants' rights or defenses.  Defendants reserve the right to supplement and amend this Notice of Removal.

## TIMELINESS OF REMOVAL

Defendant Grocery Outlet Inc. was served with the Complaint on June 24, 2025.  Ex. C.  This Notice of Removal is being filed within thirty (30) days after service of the Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

## JURISDICTION UNDER CAFA

As explained more fully below, this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.  Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5).  Because this action meets each of CAFA's requirements, it may be removed to federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

## NUMBER OF PROPOSED CLASS MEMBERS

The Complaint alleges "Plaintiffs estimate that there are well over 100,000 such consumer purchasers within the class period."  Compl. ¶ 9.  Thus, accepting Plaintiffs' allegations as true, the size of the putative class well exceeds one hundred members.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

## AMOUNT IN CONTROVERSY

Again, Defendants deny Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in the Complaint and do not waive any defense with respect to any of Plaintiffs' claims.  Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true.  *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the Plaintiffs on all claims made in the complaint.").  Here, taking Plaintiffs' allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000.

Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549–50, (2014) (citations omitted); *see also Ehrman v. Cox Commc'ns, Inc.,* 932 F.3d 1223, 1227–28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart*); *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172–173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Leflar v. Target Corp*., 57 F.4th 600, 603 (8th Cir. 2023) ("At step one, the pleading stage, the test is whether 'the notice of removal plausibly alleges' that the case might be worth more than $5 million.") (citation omitted).  CAFA's legislative history further indicates that even if the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109–14.

Here, the amount in controversy requirement is readily satisfied.

First, Plaintiffs seek restitution on behalf of all Oregon customers who purchased "any grocery items from any of Defendants when those items were being marketed through the use of fictitious reference prices." Compl. ¶¶ 31–32; Prayer for Relief ¶ 3. Plaintiffs do not identify how they purport to identify this fail-safe class, and Defendants deny that they have ever advertised "fictitious reference prices," such that nobody would fall into the proposed class. Nonetheless, given the Complaint's repeated allegations of Defendants' "uniform policies, procedures and practices" and "common and coordinated scheme" affecting "all similarly situated Oregonians," Plaintiffs appear to bring claims on behalf of all Grocery Outlet customers who made purchases in Oregon during the limitations period. Compl. ¶¶ 4, 11, 27; *see also id.* at ¶ ("Plaintiffs estimate that there are well over 100,000 such consumer purchasers within the class period."); *see also Helm v. Alderwoods Grp., Inc.* No. C08-01184SI, 2008 WL 2002511, at *5 (N.D. Cal. May 7, 2008) (holding that because the complaint "provides no information indicating that the size of the class is not at least relatively congruent with the total number of potentially-affected employees," the defendant properly used a 100-percent violation rate to calculate the amount in controversy.).

Per Grocery Outlet's most recent and publicly available Annual Report on Form 10-K filed with the Securities and Exchange Commission, as of December 28, 2024, there were 61 Grocery Outlet stores in Oregon. *Grocery Outlet Holding Corp., Annual Report (Form 10-K)* at 38 (Dec. 28,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

2024),        https://www.sec.gov/ix?doc=/Archives/edgar/data/1771515/000177151525000017/go-20241228.htm.  The Company reported $4.37 billion in revenue across its 533 stores nationwide for the fiscal year ended December 28, 2024.  *Id.* at 70.  Accordingly, Grocery Outlet's sales revenue from stores located in Oregon far exceeded $5 million in fiscal 2024.  While Defendants deny that Plaintiffs are entitled to any of this sum, they have put it at issue by seeking class-wide restitution of grocery purchases made in Oregon during the class period.  Given that Grocery Outlet's Oregon store locations represented more than 11% of the company's total store count at the end of fiscal 2024, the amount in controversy requirement would be satisfied even if Plaintiffs claimed that just 1% of revenue from those Oregon stores involved items that used fictitious pricing.

Plaintiffs also intend to amend the Complaint to seek statutory damages under the UTPA.  Compl. ¶¶ 1, 25, 32.  The UTPA provides for statutory damages of $200 per violation, or actual damages, whichever is higher.  ORS 646.638(1).  As noted above, Plaintiffs claim that the class consists of at least 100,000 consumers.  If each consumer recovered the minimum damages amount of $200, then the total amount of damages would be $20 million.

Plaintiffs also seek an award of attorney's fees.  Prayer for Relief ¶ 3.  This amount should also be included in connection with the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Although Defendants deny Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Assuming the amount in controversy is $5,000,000, an award of 25% for attorney's fees based upon such amount would be an additional $1,250,000.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

Plaintiffs also seek injunctive relief. Prayer for Relief ¶ 2. The potential cost of compliance with a request for injunctive relief may be considered when calculating the amount put in controversy under CAFA. *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n. 9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount put in controversy includes defendants' potential cost of compliance with a request for injunctive relief); *see also* James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants"). Here, Plaintiffs contend that "Elsewhere" pricing is "rampant," "widespread" and "pervasive" throughout Grocery Outlet stores and that "Elsewhere" pricing is per se illegal under Oregon law and should be enjoined. Compl. ¶¶ 2, 11, 15. If the Court were to enjoin Defendants from using "Elsewhere" pricing, the cost of changing the pricing displays for all of these items in all of the Oregon store locations would be time-consuming and expensive (in terms of staffing and materials). Thus, Plaintiffs' request for injunctive relief further takes the amount in controversy over the statutory threshold.

While Plaintiffs' claim for restitution, in itself, puts the amount in controversy above $5,000,000, the additional requests for attorney's fees and injunctive relief, and forthcoming request for damages, make clear that this requirement is more than satisfied.

## DIVERSITY OF CITIZENSHIP

Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). Minimal diversity under

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

CAFA is met when any member of the class is a citizen of a different state than any defendant. *Ridgeway v. Spokeo, Inc.,* 697 F.Supp.3d 979 (C.D. Cal. 2023); *Lowdermilk v. U.S. Bank Nat'l Ass'n,* No. CIV.06 592 HA, 2006 WL 4100011, at *1 (D. Or. Aug. 16, 2006), *aff'd,* 479 F.3d 994 (9th Cir. 2007).

Plaintiffs are all allegedly residents of Oregon.  Compl. ¶¶ 5, 8.

Defendant Grocery Outlet Inc. is a corporation incorporated under the laws of California.  *See* Compl. ¶ 4.  Its headquarters and principal place of business are in California.[1]  A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) ("'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," typically the corporation's headquarters).  Defendant Grocery Outlet Inc. is thus a citizen of California.

Accordingly, because Plaintiffs are citizens of Oregon, and at least one Defendant is a citizen of California, the diversity requirement is satisfied here.

## REQUEST FOR REMOVAL

Insofar as the class size exceeds 100 members, the amount in controversy exceeds $5,000,000 and diversity exists between the parties, removal to this Court is proper pursuant to CAFA.

As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties, by and through their attorneys of record, and is being filed with the Court Administrator

---

[1] *See* California Secretary of State, Business Search ("BizFile Online"), Grocery Outlet Inc. (418678) (accessed July 22, 2025), https://bizfileonline.sos.ca.gov/search/business; *see also* Bloomberg Company Profile, Grocery Outlet Inc., https://www.bloomberg.com/profile/company/59429Z:US.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

for the Circuit Court of the State of Oregon for the County of Multnomah.

WHEREFORE, Defendant Grocery Outlet Inc. respectfully requests that the entire state court action currently pending in the Circuit Court of the State of Oregon for the County of Multnomah be removed to this Court for all further proceedings.

Dated this 24th day of July, 2025.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    *s/ Nika Aldrich*
       Nika Aldrich, OSB #160306
       Email: naldrich@schwabe.com

By:    *s/ Jessie Zerpoli*
       Jessie Zerpoli, OSB #164778
       Email: jzerpoli@schwabe.com

*Of Attorneys for Defendants*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone:503-222-9981

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on 24th day of July, 2025, I caused to be served the following

**NOTICE OF REMOVAL** on:

Tim Alan Quenelle
**TIM QUENELLE, PC**
4800 SW Meadows Rd. #300
Lake Oswego, OR 97035
Tim.quenelle@gmail.com

**TYCKO & ZAVAREEI LLP**
F. Peter Silva II
Hassan Zavareei
Allison Parr
2000 Pennsylvania Ave, NW, Suite 1010
Washington, District of Columbia 20006
psilva@tzlegal.com
hzavareei@tzlegal.com
aparr@tzlegal.com

**OREGON CONSUMER JUSTICE LAW, P.C.**
Matthew Kirkpatrick
Robert Le
850 SE 3rd Ave., Ste. 302
Portland, OR 97214
mk@ocjlaw.com
rl@ocjlaw.com

*Attorneys for Plaintiffs*

☒ First Class Mail
☐ Electronic Service
☐ Email
☒ Other:  Courtesy Email

*s/ Nika Aldrich*
Nika Aldrich

Page 1 -    CERTIFICATE OF SERVICE